**SO ORDERED: August 14, 2015.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:    TIMOTHY DALE STINES, SR

DEBTOR(S)                                    CASE NO: 15-90383-BHL-13
_____

**ORDER CONFIRMING DEBTOR(S)' 1ST AMENDED CHAPTER 13 PLAN**
_____

The Debtor(s), having filed an Amended Plan on June 8, 2015, and after notice and opportunity, there were no objections filed. The Court, after reviewing the filings and the Trustee's recommendation, hereby confirms the Amended Plan as follows:

1) the Amended Plan complies with the provisions of this chapter and with other applicable provisions of this title;
2) any fee, charge, or amount required by statute or by the Amended Plan, to be paid before confirmation, has been paid;
3) the Amended Plan has been proposed in good faith and not by any means forbidden by law;
4) the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such a claim if the estate of the Debtor(s) was liquidated under 11 U.S.C. Chapter 7 on such date:
5) Adequate Protection Payments shall continue

- until the Attorney Fees are paid in full, at which time the creditor will begin receiving the

Equal Monthly Installment Payments provided for in the Amended Plan;
6) with respect to each allowed Secured Claim provided for by the Amended Plan:

- Fifth Third Bank – Real Estate debt paid direct by Debtor
- Indiana University Credit Union – 2001 GMC Yukon debt paid in full through the plan
- Old National Bank – 2005 Kawasaki debt paid in full through the plan
- Indiana University Credit Union – 2010 Ford F150 to be Surrendered
- Indiana University Credit Union – 2001 Freightliner Classic Semi Truck to be Surrendered
- Indiana University Credit Union – Alumitech Semi Trailer to be Surrendered
- Personal Finance Company – 1986 Suntracker Boat to be Surrendered

7) with respect to each allowed Priority Claim provided for by the Amended Plan:

- Indiana Department of Revenue – Delinquent Taxes paid in full through the plan
- Internal Revenue Service – Delinquent Taxes paid in full through the plan

8) with respect to each allowed Special Class Unsecured Claim provided for by the Amended Plan: NONE;
9) all Contracts and/or Leases are rejected unless assumed by the Amended Plan;
10) the Debtor(s) will be able to make all payments under the Amended Plan and to comply with the Amended Plan;

THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

1. For 60 months or until further ordered, the Debtor(s) shall pay (or the employer of the Debtor(s) shall deduct from the wages, salary, or commissions of the Debtor(s) and pay) to Joseph Black, Jr, Chapter 13 Trustee, PO Box 440, Memphis, TN 38101-0440, the sum of $671.00 per month beginning April 2015 for payments to the Trustee of $40,260.00, plus any additional payments required to satisfy the Chapter 7 liquidation test pursuant to 11 U.S.C. §1325(a)(4) or the disposable income calculation pursuant to 11 U.S.C. §1325(b)(2) as set forth in this Order and determined by the amount of allowed unsecured claims;

2. The value of the security and the treatment of the special class unsecured claims are as shown above in the findings;

3. The Debtor(s) may incur post-petition debt upon written approval from the Trustee except for transactions concerning real estate;

4. There are no modifications to the Amended Plan;

JMB

5. Future income and receipts of the Debtor(s) shall remain the property of the estate and paid either to the Debtor(s) or the Trustee as set out in the Amended Plan or order and all other assets of the Debtor(s) shall remain in the possession and control of the Debtor(s) with the estate having a non-possessory beneficial interest in the assets in that they are necessary for the effective reorganization of the Debtor(s).

6. The Debtor(s)' Amended Plan is confirmed as filed.

###

JMB